UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEOFFREY AKERS and EILEEN AKERS,<br>    *Plaintiffs*,<br><br>    *v.*<br><br>UNITED STATES,<br>    *Defendant.* | Civil No. 3:10cv1719 (JBA)<br><br><br><br>October 9, 2012 |

RULING ON GOVERNMENT'S MOTION TO DISMISS

On August 1, 2012 this Court issued a Consolidated Ruling [Doc. # 33] denying Plaintiffs' motion for summary judgment, dismissing Plaintiffs' claims for the 2001 tax year, and ordering Plaintiffs to show cause as to why the Court has jurisdiction over Mrs. Akers's remaining claim. (*See* Consolidated Ruling at 6–7.) On August 13, 2012, Plaintiffs responded [Doc. # 36] to the Order to Show Cause, raising the same arguments that the Court had previously rejected and providing no evidence of payment of Mrs. Akers's 2002 income taxes. That same day, the Government moved [Doc. # 34] to dismiss the 2002 tax–year claims for lack of jurisdiction, arguing that Eileen Akers had outstanding tax liability for the 2002 tax year at the time this suit was filed. (*See* Account Tr., Ex. 1 to Gov't's Mem. [Doc. # 34–2].) For the reasons discussed below, the Government's Motion to Dismiss will be granted.

I.    Background

The Court assumes the parties' familiarity with the facts and procedural history of this case. Plaintiffs, proceeding *pro se*, filed suit in 2010, claiming that they were entitled to a refund for the overpayment of taxes in the 2001, 2002, and 2003 tax years. Plaintiffs argue that the Internal Revenue Service ("IRS") should have permitted them to carryover a large

net operating loss from the 2004 tax year to 2001, 2002, and 2003, which would have reduced their tax liability for those years. On August 1, 2012, the Court dismissed the claims arising out of the 2001 tax year for lack of jurisdiction and ordered Plaintiffs to show cause as to why the Court had jurisdiction over Mrs. Akers's claim arising out of the 2002 tax year. (*See* Consolidated Ruling at 6–7.). Plaintiffs responded to the order to show cause by raising arguments previously rejected by the Court, and failed to provide any evidence that Eileen Akers had paid her 2002 income taxes in full. (*See* Pls.' Response to Order to Show Cause.) On August 13, 2012, the Government moved to dismiss the claims arising out of the 2002 tax year for lack of jurisdiction, and submitted evidence that as of August 20, 2012, Eileen Akers had an outstanding tax liability of $661.53 for the 2002 tax year. (*See* Account Tr.) In response, Plaintiffs offered to pay Mrs. Akers's outstanding tax bill in order to satisfy the jurisdictional requirement. (Pls.' Opp'n [Doc. # 38] at 1.)

On September 19, 2012, Plaintiffs filed a "Rebuttal" [Doc. # 44] to the Government's reply brief, asserting that Eileen Akers had paid her 2002 income tax bill in full.[1] (*See* Pls.' Rebuttal [Doc. # 44] at 1; Personal Money Order, Ex. 2 to Pls.' Rebuttal.) The Government responded [Doc. # 45] to this rebuttal on September 25, 2012, acknowledging that it had

---

[1] Plaintiffs also asserted that on August 17, 2012, the Court "ordered a trial, claiming jurisdiction for the tax years involved: 2001, 2002, 2003 without restriction." (Pls.' Rebuttal at 1.) On August 17, 2012, the Court issued a notice to counsel and parties [Doc. # 37] that if this case proceeds to trial, the case will be transferred to Visiting Judge Charles Kornmann of the District of South Dakota for the purposes of trial. (*See* Notice to Counsel and Parties [Doc. # 37] at 1.) Plaintiffs have misconstrued the nature of this filing: the notice does not constitute a ruling that the Court has jurisdiction over Plaintiffs' claims, and does not restore Plaintiffs' claims with respect to the 2001 tax year, which were dismissed on August 1, 2012. (*See* Consolidated Ruling.) As the Court finds above that it lacks jurisdiction over the 2002 tax–year claims, only Plaintiff Geoffrey Akers's claim with respect to the 2003 tax year will proceed to trial before Judge Kornmann.

received a payment of $662.50 from Eileen Akers on September 14, 2012, and stating that a balance of $0.19 remained on Mrs. Akers's 2002 tax bill.  (*See* Gov't's Response [Doc. #45] at 1.)  The Government argues that even if this de minimus balance were overlooked, the Court would still lack jurisdiction over the 2002 tax–year claims because Eileen Akers had not paid her 2002 income taxes in full at the time the suit was filed.  (*Id.* at 2.)

II.     Discussion

"A district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Aurecchione v. Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Id.*  Under 26 U.S.C. § 7422(a), "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary."  Thus, in order to establish that a district court has jurisdiction over a tax refund suit, a plaintiff must pay the assessed tax in full and file an administrative claim for a refund.  *See Flora v. United States*, 362 U.S. 145, 177 (1960); *see also Smith v. Shulman*, 333 F. App'x 607, 608 (2d Cir. 2009) ("With respect to a claim for refund of income tax paid, [the plaintiff] was statutorily required to file an administrative claim and pay the tax in full prior to filing suit in the district court."); *Magnone v. United States*, 902 F.2d 192, 193 (2d Cir. 1990) ("[T]he full payment rule requires as a prerequisite for federal court jurisdiction over a tax refund suit, that the taxpayer make a full payment of the assessment, including penalties and interest.").

3

The Government has submitted uncontroverted evidence that Eileen Akers had not paid her assessed income taxes for the 2002 tax year in full before this suit was filed. (*See* Account Tr. (showing a balance of $661.53 for the 2002 tax year as of August 20, 2012).) Plaintiffs admitted that Eileen Akers had not fully paid her 2002 income taxes prior to the commencement of this case and remitted the sum of $662.50 to the IRS in an effort to pay the assessed tax and establish jurisdiction for this suit. (*See* Personal Money Order.) The Government maintains that a balance of $0.19 remains due. (*See* Gov't's Response at 1.)

However, even if the outstanding de minimus balance on Mrs. Akers's 2002 income tax bill were disregarded, the Court would lack jurisdiction because Plaintiffs' 2002 taxes had not been paid in full at the time this suit was filed. "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989). In order to maintain a tax refund suit, Plaintiffs were "statutorily required to file an administrative claim and pay the tax in full *prior to* filing suit in the district court," *Smith*, 33 F. App'x at 608 (2d Cir. 2009) (emphasis added). Payment of Mrs. Akers's 2002 income tax bill nearly two years after the filing of this suit cannot cure the jurisdictional defect that existed at the time the complaint was filed. *See Tien v. Goldenberg*, No. 96-6100, 1996 WL 751371, at *2 (2d Cir. Oct. 31, 1996) ("Finally, the district court correctly determined that Tien could not maintain a refund action at the time his complaint was filed because he had neither paid the assessed deficiency nor filed an administrative claim. Moreover, Tien's having now done so does not retroactively render the district court's dismissal invalid." (citing 26 U.S.C. § 7422; *Magnone*, 902 F.2d at 193; *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 296 (9th Cir. 1989))); *see also William Kramer & Associates, LLC v. United States*, No. 8:08-cv-640-T-24, 2008 WL

4

4539425, at *3 (M.D. Fla. Oct. 8, 2008) ("[The plaintiff] cannot simply pay the remaining disputed amount and then seek leave to amend the complaint. Accordingly, since [the plaintiff] failed to pay the entire amount of the disputed . . . tax . . . prior to filing suit, this Court lacks subject matter jurisdiction over [the plaintiff's] refund claim."); *Estate of Whiteman v. United States*, No. 88-1035, 1989 WL 109096 (D. Idaho Mar. 28, 1989) (dismissing tax refund suit for lack of subject matter jurisdiction where assessed taxes were not paid until nine months after the complaint was filed); *Rutherford v. United States*, 528 F. Supp. 167 (W.D. Tex. 1981), *rev'd on other grounds*, 702 F.2d 580 (5th Cir. 1983) ("The fact that the plaintiffs may have paid the full mount of the assessment after filing suit is immaterial [for determining whether the district court has subject matter jurisdiction.]"); *Church of Scientology of Colorado v. United States*, 499 F. Supp. 1085, 1087 (D. Colo. 1980) ("The general rule is that a taxpayer must pay the full amount of an income tax deficiency assessed by the IRS before he may challenge the assessment in a suit for refund."). Because Mrs. Akers had not fully paid her 2002 income taxes prior to filing suit, the Court lacks subject matter jurisdiction over her refund claim for the 2002 tax year.

III.    Conclusion

For the reasons discussed above, the Government's Motion to Dismiss [Doc. # 34] is GRANTED, and Plaintiff Eileen Akers is dismissed from the case.

                             IT IS SO ORDERED.


                             /s/
                             Janet Bond Arterton, U.S.D.J.

        Dated at New Haven, Connecticut this 9th day of October, 2012.


                                5