UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GEOFFREY R. AKERS | \* | |
| | \* | 3:10-CV-1719 (CBK) |
| Plaintiff[1], | \* | |
| | \* | ORDER AND |
| -vs- | \* | OPINION |
| | \* | |
| UNITED STATES, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Responding to the court's October 10, 2012, memorandum to the parties [Doc. # 49] seeking advice on pending matters, defendant filed a notice [Doc. # 50] regarding the remaining actionable claim in the complaint: that plaintiff is allegedly entitled to carry back to his outstanding 2003 tax-year arrearage a large net operating loss ("NOL") he and his wife, filing jointly, incurred in the 2004 tax year.

Defendant's notice characterizes the court's Consolidated Ruling on Plaintiffs' Pending Motions [Doc # 33] ("Consolidated Ruling") as requiring the termination of the remaining claim. With the Consolidated Ruling, the court sought *sua sponte* any evidence from the Akers that they filed a valid administrative claim for a refund for the 2001 through 2003 tax year filings before bringing their complaint—a necessary prerequisite for the court to find subject matter jurisdiction as to the complaint. 26 U.S.C. § 7422(a). Defendant alleges that plaintiff did not meet his burden to prove this prerequisite on his 2003 tax year claim. As a result, defendant argues that the court should have dismissed this remaining claim under Fed. R. Civ. P. 12(b)(1).

Plaintiff's claim is against the sovereign United States. In this capacity, the government "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Congress has

---

[1] The caption is amended to reflect the dismissal of Eileen Akers as provided in Doc. 47.

broadly consented to suits against the United States for the refund of any federal taxes. 28 U.S.C. § 1346(a)(1). However, there are statutory and case law requirements that taxpayers must meet before they are able to take advantage of this waiver of sovereign immunity and be authorized to file an actionable refund claim in district court.

 26 U.S.C. § 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.*

(emphasis added). In other words, before a plaintiff may bring suit in court seeking a refund, he must show that an administrative claim for refund has been filed with the IRS. Smith v. Shulman, 333 F. App'x 607, 608 (2d Cir. 2009) ("With respect to a claim for refund of income tax paid, [plaintiff] was statutorily required to file an administrative claim and pay the tax in full prior to filing suit in the district court."). Failing to meet this prerequisite means the suit lacks subject matter jurisdiction in the district court hearing the complaint. See Rosenbluth Trading, Inc. v. United States, 736 F.2d 43, 47 (2d Cir. 1984) ("The filing of a timely refund claim is a jurisdictional requirement, which cannot be waived."). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

 Based upon the court's Consolidated Ruling, plaintiff needed to prove by a preponderance of the evidence that he filed a valid administrative claim within the meaning of 26 U.S.C. § 7422(a) for the 2003 tax year. (Consolidated Ruling at 7.) Plaintiff claims that he had filed a Form 1040 amended individual income tax return and a Form 1045 application for refund for the 2003 tax year, but does not provide a copy of either document. He instead rests his case on Exhibit 2 of his Response to the Consolidated Ruling [Doc. # 36], which he contends is proof that a refund was applied to the 2003 tax year. However, Exhibit 2 is an IRS notice that is in response to plaintiff's Form 1040 claim for refund on the 2004 tax year, as indicated by the document's header. The notice only provided that the IRS would apply the refund on plaintiff's

2004 tax year filing to an unpaid balance in the 2003 tax year. It does not constitute proof that plaintiff filed an administrative claim for refund for the 2003 tax year. Plaintiff nevertheless argues that because he has proof of filing a Form 1040 for another tax year and its refund carried to 2003, he met his burden of proving he filed an administrative claim under 26 U.S.C. § 7422(a) for the 2003 tax year.

This contention does not show the plaintiff met the statutory requirement. Internal Revenue regulations require that "a separate claim [for refunds] shall be made for each type of tax for each taxable year or period." 26 C.F.R. § 301.6402-2(d). In other words, the law does not recognize a claim for refund as extending into multiple tax years.

Plaintiff was given ample time---over two months---to provide the court an amended income tax return or claim for refund for the 2003 tax year which would meet this burden. Because plaintiff is unable or unwilling to produce this evidence, the court should dismiss plaintiff's remaining claim for a lack of subject matter jurisdiction. *See* Gibson v. Brown, No. 12-cv-622, 2012 WL 1744845, at *2 (E.D.N.Y. May 16, 2012) ("If a district court determines that an action is frivolous or the court lacks jurisdiction over the matter, the court may dismiss the case, *sua sponte*, even if the plaintiff has paid the filing fee." (citing Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363--64 (2d Cir. 2000)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for the nonmovant.").

Now, therefore,

IT IS ORDERED that plaintiff's action is dismissed without prejudice and without costs to any party.

Dated this 5th day of November, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3