UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GEOFFREY R. AKERS | \* | |
| | \* | 3:10-CV-1719 (CBK) |
| Plaintiff[1], | \* | |
| | \* | ORDER AND |
| -vs- | \* | OPINION |
| | \* | |
| UNITED STATES, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After this court filed its Order denying plaintiff's request for reconsideration and an Order and Opinion dismissing plaintiff's remaining claims without prejudice, the Internal Revenue Service filed a motion to amend this court's Order and Opinion to accurately reflect plaintiff's 2003 tax year claim as provided in the pleadings. While the IRS has not specified under what procedural rule their request to amend proceeds, the court finds that this motion should be considered under Fed.R.Civ.P. 60(a). The court is satisfied that the error does not impact the judgment rendered in this case and constitutes an oversight. With no appeal having been docketed in this matter, such a mistake may be corrected without the appellate court's leave. *Id.*

The matter under consideration has been briefed. The court assumes the parties are familiar with the facts and procedural history of this case. The Order and Opinion dismissing plaintiff's remaining claim was itself the result of the court's Consolidated Ruling on Plaintiffs' Pending Motions [Doc # 33] ("Consolidated Ruling"). With the Consolidated Ruling, the court sought *sua sponte* any evidence from the Akers that they filed a valid administrative claim for a refund for the 2001 through 2003 tax year filings before bringing their complaint—a necessary prerequisite for the court to find subject matter jurisdiction. 26 U.S.C. § 7422(a). The court accepted defendant's argument that plaintiff did not meet his burden to prove this prerequisite on his 2003 tax year claim. Specifically, the court found, in findings reflecting defendant's own

---

[1] The caption is amended to reflect the dismissal of Eileen Akers as provided in Doc. 47.

argument, that the plaintiff did not provide an amended income tax return or any other refund or credit for the 2003 tax year, which was what plaintiff was asked to provide in the Consolidated Ruling.

Defendant now asks this court to clarify its opinion. The IRS finds fault with the court's characterization of plaintiff's 2003 tax year claim: that plaintiff is entitled to carry back to his outstanding 2003 tax-year arrearage a large net operating loss he and his wife, filing jointly, incurred in the 2004 tax year. The IRS instead characterizes plaintiff's complaint for the 2003 tax year in two parts. First, the plaintiff assumes (and the IRS disputes) that a net operating loss with respect to the 2004 tax year was applied to the 2003 tax year by the IRS. Second, the only allegation plaintiff makes on his 2003 tax year claim is that if the "OPEN items" were addressed by the IRS, there would not have been a need to apply the net operating loss to 2003. The IRS cites the text in plaintiff's complaint describing his 2003 tax year complaint as only pertaining to "OPEN items" that he alleges the IRS failed to address despite his formal requests. The court agrees that this is the only reasonable interpretation of plaintiff's claim as to the 2003 tax year.

The reason for this requested change is that, contrary to the court's prior understanding, the IRS has a Form 1040X - Amended U.S. Individual Income Tax Return from the plaintiff for the 2003 tax year. That amended return seeks to carry back a net operating loss with respect to the 2004 tax year to the 2003 tax year. This contradicts what the court received in Exhibit A to the Government's Answer. (Consolidated Ruling at 4 n.3, 7). However, the defendant alleges that this 2003 tax year claim is invalid because the plaintiff failed to pay his taxes in full for the 2003 tax year prior to filing the claim with the IRS, a prerequisite to filing a claim for refund. 26 C.F.R. § 601.103(c)(3).

The issue of whether plaintiff met the full payment rule before filing this amended return for the 2003 tax year with the IRS is moot. Plaintiff's claim relates only to seeking the resolution of these "open issues" and plaintiff has provided no proof to this court that he filed a proper administrative claim on those issues. The court lacks jurisdiction to entertain a refund suit on grounds other than those set forth in an administrative claim for a refund. Magnone v. United States, 902 F.2d 192, 193–94 (2d Cir. 1990). Because no evidence of a valid 2003 tax year claim regarding these open issues exists, plaintiff fails to meet the jurisdictional requirement necessary

2

to bring his 2003 tax year claim to federal court even under this corrected interpretation. 26
U.S.C. § 7422(a)

In plaintiff's rebuttal, he states that a 2003 tax claim was filed with the Taxpayer
Advocate but it was then "DESTROYED by administrative process in September, 2011."
Regardless of whether this 2003 tax claim actually pertained to the "open issues" or whether this
claim is merely the Form 1040X that the IRS currently possesses, the fact remains that plaintiff
failed to file a valid claim before bringing this matter in federal court when he filed said claim
with the Taxpayer Advocate and not the IRS.  Moreover, this court received no indication that
plaintiff complied with the full payment rule on his 2003 tax year claim before bringing his case
in federal court.  Plaintiff cites the need for continuing discovery on these matters.  Discovery
was due by May 3, 2011, according to the Order on Pretrial Deadlines.  The plaintiff has had
nearly four months since the Consolidated Ruling to find and provide this specifically outlined
information and has failed to do so.

Finally, in a supplemental rebuttal, plaintiff cites Wikipedia for the proposition that
"[p]ersons may bring suit for refund of taxes," presumably to prove that this court has subject-
matter jurisdiction over this claim in the face of United States sovereign immunity.  As the court
has repeatedly acknowledged, Congress has broadly consented to suits against the United States
for the refund of any federal taxes.  *See* 28 U.S.C. § 1346(a)(1).  However, the plaintiff has failed
to meet the statutory, regulatory and case law requirements that taxpayers must meet before they
are able to take advantage of the broad consent to suit provided by Congress, including the
requirement that taxpayers pay their taxes in full and that they first file a valid administrative
claim with the IRS.  These are not onerous burdens and are necessary for the "smooth
functioning" of our government's system of finance.  Flora v. United States, 362 U.S. 145, 176
(1960).  The court otherwise reaffirms its prior ruling.

The defendant is reminded that the Local Rules require the parties submitting motions to
specifically reference earlier portions of the record to which they seek judicial attention.  D.
Conn. L. Civ. R 7(a).  This applies particularly in circumstances where the characterizations of
the record may be incorrect at an intermediate stage of the proceedings.

Now, therefore,

3

IT IS ORDERED that defendant's motion to amend pursuant to Fed.R.Civ.P. 60(a), Doc. # 55, is granted.  The effect of this Order is to strike language in the court's Order at Doc. # 53, found on page one, paragraph one and beginning after the phrase "claim in the complaint:" and ending at the end of the first paragraph.  This wording shall be replaced with the phrase "that plaintiff is allegedly entitled to seek resolution of the 'OPEN items' the Internal Revenue Service allegedly failed to address in his 2003 tax year filing."  Plaintiff's action is dismissed without prejudice and without costs to any party.

Dated this 21st day of December, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge